UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN D. BASQUE & DENISE M. BASQUE,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF PLACER, et al.,<br><br>Defendants. | No. 2:16-cv-2760 KJN<br><br>ORDER |

INTRODUCTION

Presently pending before the court is plaintiffs' motion to strike affirmative defenses from defendants' answer. (ECF No. 17.) Defendants have opposed the motion, and plaintiffs filed a reply brief. (ECF Nos. 23, 25.) At the March 9, 2017 hearing on the motion, attorneys Mark Merin and Paul Masuhara appeared on behalf of plaintiffs, and attorney David Huskey appeared on behalf of defendants. For the reasons discussed below, the motion is GRANTED IN PART and DENIED IN PART.

BACKGROUND

On November 22, 2016, plaintiffs Ryan Basque and Denise Basque commenced this action based on the June 24, 2015 alleged unlawful arrest and use of excessive force against plaintiffs by defendants and law enforcement officers Eric Lopin, William Olson, and Matt

1

Winczner of the Placer County Sheriff's Office. In short, plaintiffs allege that the defendant officers came to plaintiffs' house late in the evening, entered the house without plaintiffs' authorization, pulled plaintiffs from the house, handcuffed Ms. Basque, deployed a taser on Mr. Basque, ultimately arrested Mr. Basque, and conducted a warrantless search of the Basques' property. According to plaintiffs, the defendant officers subsequently filed false reports regarding the incident, suggesting *inter alia* that Mr. Basque had been belligerent and had resisted the officers. Mr. Basque was ultimately tried and acquitted of criminal charges resulting from the June 24, 2015 incident. Thereafter, on September 1, 2016, plaintiffs filed a citizen's complaint with the Placer County Sheriff's Office. Plaintiffs claim that defendant Devon Bell, the Undersheriff for the Placer County Sheriff's Office, reviewed the citizen's complaint, but never contacted plaintiffs regarding the complaint and improperly denied it. (See generally ECF No. 1.)

Based on the above, the complaint asserts the following claims: (1) false arrest against defendants Lopin, Olson, and Winczner pursuant to 42 U.S.C. § 1983; (2) excessive force against defendants Lopin, Olson, and Winczner pursuant to 42 U.S.C. § 1983; (3) retaliation against defendant Lopin pursuant to 42 U.S.C. § 1983; (4) unreasonable search against defendants Lopin, Olson, and Winczner pursuant to 42 U.S.C. § 1983; (5) failure to intervene against defendants Lopin, Olson, and Winczner pursuant to 42 U.S.C. § 1983; (6) malicious prosecution against defendants Lopin, Olson, and Winczner pursuant to 42 U.S.C. § 1983; (7) ratification against defendants County of Placer, Placer County Sheriff's Office, and Bell pursuant to 42 U.S.C. § 1983; (8) policies, customs, and practices against defendants County of Placer, Placer County Sheriff's Office, and Sheriff Edward Bonner pursuant to 42 U.S.C. § 1983; and (9) violation of California's Bane Act against defendants County of Placer, Placer County Sheriff's Office, Lopin, Olson, and Winczner. (See generally ECF No. 1.)

On December 27, 2016, all named defendants filed a joint answer to the complaint. (ECF No. 15.) The answer asserts 8 affirmative defenses: (1) qualified immunity; (2) reasonable conclusion; (3) no unlawful conduct; (4) honest misperceptions; (5) objectively reasonable force; (6) probable cause to arrest; (7) probable cause to prosecute; and (8) failure to comply with the Government Claims Act. (Id.)

The instant motion to strike the affirmative defenses from defendants' answer followed on January 17, 2017. (ECF No. 17.)

DISCUSSSION

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

As an initial matter, the court notes the parties' disagreement as to whether plaintiffs are required to demonstrate prejudice for an affirmative defense to be stricken. Although some district courts appear to have imposed such a requirement, and no published Ninth Circuit decision resolves the issue, an unpublished Ninth Circuit decision suggested that a showing of prejudice is not required. See Atlantic Richfield Co. v. Ramirez, 176 F.3d 481 (9th Cir. 1999) (unpublished) ("Rule 12(f) says nothing about a showing of prejudice and allows a court to strike material sua sponte."); see also Television Educ., Inc. v. Contractors Intelligence Sch., Inc., 2016 WL 7212791, at *1 n.3 (E.D. Cal. Dec. 12, 2016) (relying on Atlantic Richfield Co. to find no showing of prejudice required); Houston Cas. Co. v. Crum & Forster Ins. Co., 2016 WL 4494444, at *5 (E.D. Cal. Aug. 25, 2016) ("Given this clear, directly on-point (albeit non-precedential) guidance from the Ninth Circuit, the Court concludes HCC need not show prejudice for the Court to grant its motion to strike."). Therefore, this court declines to require plaintiffs to demonstrate prejudice.

The court next proceeds to consider the particular affirmative defenses at issue.

Qualified Immunity

Defendants set forth their qualified immunity affirmative defense as follows:

> As a first separate and affirmative defense, the individually named Defendants sued in their capacities as individuals assert that they are entitled to the qualified immunity of good faith in that objectively reasonable officers in their position during their encounter with plaintiffs could have believed that the conduct of blocking Mr. Basque from shutting the door, removing Denise Basque from the home and briefly handcuffing her, stepping into the threshold, demanding that Ryan Basque turn around and put his hands behind his head, reaching for Mr. Basque's hand, using the taser when he pulled his hand away, then handcuffing and arresting Mr. Basque for delaying and obstructing police officers during an investigation into a reported domestic dispute, where it was also known that Mr. Basque had guns registered to him, and all other

3

> conduct engaged in by the deputies during that encounter with the Basques referred to in the complaint, were lawful acts.

(ECF No. 15 at 18.)

Plaintiffs first contend that the defense should be stricken as legally insufficient, to the extent that it is asserted against the state law Bane Act claim, because "the doctrine of qualified immunity does not shield defendants from state law claims." Johnson v. Bay Area Rapid Transit Dist., 724 F.3d 1159, 1171 (9th Cir. 2013). Defendants concede that a qualified immunity defense would not apply to the state law Bane Act claim. Therefore, the court strikes the first affirmative defense of qualified immunity, but only as asserted against the state law Bane Act claim.[1]

Plaintiffs next contend that the qualified immunity defense should be stricken as factually insufficient, i.e., as insufficiently pled. The Ninth Circuit held that an affirmative defense is sufficiently pled when it provides the plaintiff with fair notice of its grounds, which need only be described in general terms. Kohler v. Flava Enters., Inc., 779 F.3d 1016, 1019 (9th Cir. 2015) ("the 'fair notice' required by the pleading standards only requires describing the [affirmative] defense in 'general terms.'"); Television Educ., Inc., 2016 WL 7212791, at *1; Staggs v. Doctor's Hosp. of Manteca, 2016 WL 3027742, at *1 (E.D. Cal. May 27, 2016).[2]

Plaintiff argues that defendants' qualified immunity defense is insufficiently pled because it does not address the specific elements of qualified immunity. Under the fair notice pleading

---

[1] As pled in the answer, defendants' qualified immunity affirmative defense makes clear that it is only being asserted by the individual defendants sued in their individual capacities. (ECF No. 15 at 18.)

[2] Plaintiffs argue that this court should nonetheless apply the Twombly and Iqbal pleading standards to affirmative defenses, because some district courts have found that the Ninth Circuit's decision in Kohler did not explicitly state that Twombly and Iqbal do not apply to pleading affirmative defenses. (See ECF No. 25 at 2 [collecting cases].) That argument is unpersuasive. As another judge in this district noted, even if Kohler did not explicitly so hold, "this Court finds that requiring that an affirmative defense to be described in general terms does not invoke, and in fact appears inconsistent with, the heightened standard of substantive plausibility identified by Twombly and Iqbal." Gomez v. J. Jacobo Farm Labor Contractor, Inc., 188 F. Supp. 3d 986, 992 (E.D. Cal. May 20, 2016) (citations and internal punctuation omitted).

4

standard, that argument lacks merit. As the Ninth Circuit explained:

> Resolving the issue of qualified immunity involves a two-step inquiry. First, we must ask whether taken in the light most favorable to the party asserting the injury, the facts alleged show the officer's conduct violated a constitutional right. A negative answer ends the analysis, with qualified immunity protecting the defendants from liability. If a constitutional violation occurred, a court must further inquire whether the right was clearly established. If the law did not put the officials on notice that their conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate.

Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002). Here, defendants have outlined in general terms a factual basis for their contention that, even if a constitutional violation occurred for purposes of the first step of the qualified immunity inquiry, objectively reasonable officers in defendants' position would not have been on notice that their conduct was clearly unlawful for purposes of the second step. As such, plaintiffs have been provided with fair notice of the grounds for the defense. For that same reason, defendants' defense is not redundant, because it addresses, at least in general terms, the second step of the qualified immunity inquiry. See Gomez, 188 F. Supp. 3d at 991 ("If a purported affirmative defense only addresses the elements of the cause of action, it is not an affirmative defense and it will be stricken as redundant.").[3]

Finally, the court rejects plaintiffs' argument that the qualified immunity defense is immaterial or impertinent to the extent that it asserts that defendants were subjectively acting in good faith. A fair reading of the affirmative defense, which specifically references "objectively reasonable officers," does not suggest that the defendants are relying on subjective good faith.

Accordingly, the court denies plaintiffs' motion to strike defendants' first qualified immunity affirmative defense, except as to the state law Bane Act claim.

---

[3] Contrary to plaintiffs' contention, the fact that defendants pled some additional facts in the qualified immunity defense that were not alleged in the complaint itself is hardly surprising and does not make it an improper affirmative defense. As defendants point out, "most plaintiffs' counsel do not plead cases in ways that invite qualified immunity on the face of the pleadings." (ECF No. 23 at 5-6.) Moreover, defendants are not here seeking dismissal of the case pursuant to Federal Rule of Civil Procedure 12(b)(6) based on a qualified immunity defense; they are merely raising the defense in their answer. The resolution of any material factual disputes related to a qualified immunity defense is for another day.

<u>Defenses of reasonable conclusion, no unlawful conduct, honest misperceptions, objectively reasonable force, probable cause to arrest, and probable cause to prosecute</u>

Plaintiffs argue that these defenses should be stricken as redundant. Defendants effectively concede their technical redundancy, and the court agrees. At bottom, these defenses merely contradict plaintiffs' allegations in support of their claims and/or challenge the potential evidentiary showing in support of plaintiffs' claims. As such, they are properly characterized as negative defenses attacking plaintiffs' prima facie claims, and do not qualify as true affirmative defenses. See <u>Zivkovic v. So. Cal. Edison Co.</u>, 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense."); <u>Gomez</u>, 188 F. Supp. 3d at 991 ("If a purported affirmative defense only addresses the elements of the cause of action, it is not an affirmative defense and it will be stricken as redundant."). Consequently, the court grants plaintiffs' motion to strike these defenses.

<u>Defense of failure to comply with the Government Claims Act</u>

Plaintiffs argue that this defense is legally insufficient, reasoning that "[s]ince compliance with the claims statute is an element of plaintiff's cause of action, failure to comply is not an affirmative defense." <u>Wood v. Riverside Gen. Hosp.</u>, 25 Cal. App. 4th 1113, 1119 (1994); <u>see also Edwards v. Cnty. of Modoc</u>, 2015 WL 4456180, at *2 (E.D. Cal. Jul. 20, 2015). Plaintiffs also contend that the defense is immaterial, because plaintiffs' state law Bane Act claim seeks only declaratory relief and not monetary damages. See <u>Minsky v. City of Los Angeles</u>, 11 Cal. 3d 113, 121 (1974) ("The claims statutes do not impose any requirements for nonpecuniary actions, such as those seeking injunctive, specific or declaratory relief."); <u>Martinez v. Cnty. of Sonoma</u>, 2016 WL 39753, at *6 n.7 (N.D. Cal. Jan. 4, 2016) ("The California Government Claims Act only applies to claims for money damages."). Defendants do not oppose plaintiffs' legal authorities. Accordingly, the court grants plaintiffs' motion to strike this defense.

<u>Leave to Amend</u>

"Even if a motion to strike is granted, leave to amend an affirmative defense to cure a pleading deficiency—or add a new affirmative defense—should be liberally granted in absence of prejudice to the opposing party." <u>United States v. Gibson Wine Co.</u>, 2016 WL 1626988, at *6

(E.D. Cal. Apr. 25, 2016).  In this case, defendants have not requested leave to amend, except with respect to the qualified immunity defense, which the court declines to strike as to the federal claims.  Furthermore, because the stricken defenses are either legally insufficient or redundant, and cannot be cured by additional factual pleading, the court concludes that leave to amend here is not warranted.

### Other Issues Implicated by Plaintiffs' Motion

"[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial…." Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983); see also Harris v. Chipotle Mexican Grill, Inc., 303 F.R.D. 625, 627 (E.D. Cal. Oct. 7, 2014).  As another judge of this court observed:

> Having granted Plaintiffs' Motions as to these affirmative defenses, the Court must pause to consider what Plaintiffs have gained by their apparent victory.  Obviously, the Court's decision to strike these defenses will not prevent Defendants from contesting Plaintiffs' prima facie case and damages calculations all the way through trial.  Nor will the loss of these paragraphs from Defendants' answers reduce Plaintiffs' discovery obligations in any way.

Staggs, 2016 WL 3027742, at *2.  Indeed, although the court, for the reasons discussed above, has not required plaintiffs to make a showing of prejudice in support of their motion to strike, plaintiffs' arguments that assertion of the stricken affirmative defenses would lead to confusion and unnecessary discovery ring hollow.  Here, defendants asserted only 8 affirmative defenses, and as plaintiffs themselves argued, most of those defenses do little more than contest the allegations in support of plaintiffs' prima facie claims and are therefore redundant.  Thus, the motion, although in large part technically successful, appears to have accomplished very little in practice while simultaneously consuming significant court resources and increasing attorneys' fees.  Therefore, "[t]he Court anticipates that counsel will carefully consider the strategic value of motions to strike affirmative defenses in the future."  Id.[4]

---

[4] In their reply brief, plaintiffs indicate, in response to defendants' complaint that plaintiffs did not meet and confer prior to filing the instant motion, that "[t]here is no requirement that

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion to strike affirmative defenses from defendants' answer (ECF No. 17) is GRANTED IN PART and DENIED IN PART.
2. Defendants' first affirmative defense of qualified immunity is STRICKEN as to plaintiffs' state law Bane Act claim only, but not as to the federal claims.
3. Defendants' second, third, fourth, fifth, sixth, seventh, and eight affirmative defenses are STRICKEN.

IT IS SO ORDERED.

Dated:  March 10, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

Plaintiffs do so, nor is it Plaintiffs' duty to advise Defendants of the ways in which their pleading is deficient." (ECF No. 25 at 10 n.8.)  To be clear, going forward, the court expects the parties to meaningfully meet and confer before filing any motion in a good faith attempt to reach an informal resolution or to narrow the scope of the motion.  Failure to do so may result in the imposition of appropriate sanctions on the offending party(ies) or summary denial of the motion.  Counsel represented that they have cooperated in the past, and the court expects them to continue to do so in this case.